IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:09cr266 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| RAYMOND T. RITTENHOUSE, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Raymond T. Rittenhouse's motion to amend or correct the Judgment of Commitment Imposing Sentence. The matter has been fully briefed and is ripe for disposition. For the following reasons, we will deny the motion.

## Background

On August 21, 2009, Defendant Raymond T. Rittenhouse (hereinafter "defendant") was arrested for purchasing a stolen firearm and taken into federal custody. (Doc. 1, Indictment). A grand jury returned a two-count indictment against the defendant on September 2, 2009 charging him with: Count 1, being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); and Count 2, unlawful sale of a stolen firearm, in violation of 18 U.S.C. § 922(j). (Id.)

While in federal custody, it was discovered that the defendant had an outstanding warrant pertaining to an unrelated state probation sentence. On December 15, 2009, defendant's state probation was revoked and a term of eighteen (18) to thirty-six (36) months of imprisonment was imposed.

On February 10, 2010, defendant pled guilty to Count 2, unlawful sale of a stolen firearm. (Doc. 48, Order accepting guilty plea). From December 15,

2009 through June 21, 2010, defendant remained in custody while awaiting a final disposition of the federal charge. On June 21, 2010, the court sentenced defendant to, *inter alia*, a term of imprisonment of seventy-eight (78) months. (Doc. 65, Judgment). The court ordered that defendant's term of imprisonment was to run concurrently with his state court sentence. (Id.)

Defendant contends that his time of incarceration from December 15, 2009 to June 21, 2010 has not been applied to any sentence. Defendant asks the court to adjust his federal sentence by six months and five days to credit him for this time served.

Defendant filed the instant motion on January 16, 2014, requesting an amendment and correction in the Judgment and Commitment Order pursuant to Rule 36 of the Federal Rules of Criminal Procedure. (Doc. 69, Mot. to Amend/Correct the Judgment and Commitment). In the motion, defendant asserts that the court failed to make a notation in the Judgment of Commitment Imposing Sentence that defendant's sentence was to be adjusted by six (6) months and five (5) days for the time spent in federal custody from December 15, 2009 to June 21, 2010. (Id.) On February 6, 2014, the government filed its brief in opposition to the defendant's motion to amend or correct the Judgment and the matter is ripe for disposition. (Doc. 71).

**Discussion**

The defendant filed the instant Rule 36 motion requesting correction of a clerical error in the Judgment of Commitment Imposing Sentence. Defendant

2

contends that his sentence has been incorrectly computed. After careful review, we find we are without jurisdiction to rule upon the defendant's motion.

The law provides that once the Bureau of Prisons (hereinafter "the BOP") has calculated a sentence, the appropriate action to challenge BOP's calculation is to file a petition for habeas corpus relief under 28 U.S.C. § 2241 (hereinafter "section 2241"). Computation of time served is an administrative rather than a judicial responsibility. Soyka v. Alldredge, 481 F.2d 303, 304-05 (3d Cir. 1973). In short, once the court sentences the defendant, it is for the BOP to determine the computation of that sentence. A claim that credit has not been provided is cognizable under 28 U.S.C. § 2241. Id.; see also United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1991) (indicating a defendant may properly seek credit on a federal sentence for time spent in state custody through a section 2241 motion).

A section 2241 motion may not be filed, however, until the petitioner has exhausted his administrative remedies. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). The BOP has a multi-tiered administrative remedy program. See 28 C.F.R. § 542.10. The first tier involves "informal resolution" and requires the inmate to try to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the informal resolution is unsuccessful, the inmate may file a formal written Administrative Remedy Request. 28 C.F.R. § 542.14. If the inmate is not satisfied with the response to the formal written request, he may appeal to the regional director of the BOP. 28 C.F.R. § 542.15(a). The final step in the administrative remedies is to appeal to the

BOP's general counsel. Id. If the inmate remains unsatisfied, it may be proper to file a section 2241 habeas corpus petition.[1]

Therefore, defendant should raise the "credit for time served" issue first with the BOP and pursue any administrative remedies that may be available there. If defendant remains unsatisfied after exhausting the administrative remedies, the proper course of action is to file a section 2241 petition.[2] Accordingly, the instant motion will be dismissed. An appropriate order follows.

DATE: May 5, 2014               BY THE COURT:


                                s/ James M. Munley
                                JUDGE JAMES M. MUNLEY
                                United States District Court

---

[1] A section 2241 petition must be brought in the district where the defendant is confined. Rumsfield v. Padilla, 542 U.S. 426, 442-43 (2004). According to the docket sheet, defendant is incarcerated at the Federal Correctional Institute-Beckley in Beaver, West Virginia, which is located in Raleigh County, West Virginia. Raleigh County is located within the Southern District of West Virginia. See 28 U.S.C. § 129(b). The United States District Court for the Middle District of Pennsylvania thus does not have jurisdiction over the instant dispute, however, that is where defendant filed the instant motion.

[2] We could construe the motion as a petition under 28 U.S.C. § 2241 and transfer it to the proper district. But as it appears that defendant has not yet exhausted his administrative remedies, such a transfer would be futile. See Calwood, 230 F.3d at 634 (holding that a federal district court will not reach the merits of a section 2241 petition where the petitioner has failed to exhaust his administrative remedies).