**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:09cr266 |
| | : | |
| **v.** | : | (Judge Munley) |
| | : | |
| **RAYMOND T. RITTENHOUSE,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is a correspondence from the defendant which we will construe as a motion for reconsideration of our Memorandum and Order of May 5, 2014. For the reasons that follow, the motion will be denied.

**Background**

On August 21, 2009, Defendant Raymond T. Rittenhouse (hereinafter "defendant") was the subject of a controlled buy of a stolen firearm. Moments later, he was arrested and taken into federal custody, where he remained.

A grand jury returned a two-count indictment against the defendant on September 2, 2009 charging him with: Count 1, being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); and Count 2,

unlawful sale of a stolen firearm, in violation of 18 U.S.C. § 922(j).  (Doc. 1, Indictment).

Defendant pled guilty to Count 2 on February 10, 2010.  (Doc. 48, Order accepting guilty plea).  While in federal custody, it was discovered that the defendant had an outstanding warrant for an unrelated state probation sentence stemming from a state court conviction on a robbery charge.  On December 15, 2009, as a result of the federal conviction, defendant was subject to a state probation violation proceeding in the Luzerne County Court of Common Pleas in which his state probation was revoked and a term of eighteen (18) to thirty-six (36) months of imprisonment was imposed.  On this same date, defendant's federal credit for time spent in federal custody ceased.

From December 15, 2009 through June 21, 2010, defendant remained in federal custody while awaiting a final disposition of the federal charge.  On June 21, 2010, the court sentenced defendant to, *inter alia*, a term of imprisonment of seventy-eight (78) months.  (Doc. 65, Judgment). The court ordered that defendant's term of imprisonment was to run concurrently with his state court sentence.  (Id.) On this same date, defendant's federal credit for time spent in federal custody resumed.

Defendant contends that there is a period of time that he was imprisoned, from December 15, 2009 to June 21, 2010, that has not been applied to any sentence and that the court should take this factor into account. Defendant asks the court to adjust his federal sentence by six months and five days to credit him for this time served.

Defendant filed a motion to amend or correct his judgement and commitment order on January 16, 2014. (Doc. 69, Mot. to Amend/Correct the Judgment & Commitment). In the motion, defendant asserted that the court failed to make a notation in the Judgment of Commitment Imposing Sentence that defendant's sentence was to be adjusted by six (6) months and five (5) days for the time spent in federal custody from December 15, 2009 to June 21, 2010. (Id.) Defendant averred that the Bureau of Prisons (hereinafter "BOP") is precluded from granting him credit for the time he spent in presentence detention. (Id.)

On May 5, 2014, the court issued a Memorandum and Order dismissing the motion. (Docs. 72, 73). We found that defendant should raise the "credit for time served" issue first with the BOP and pursue any administrative remedies that may be available there. (Doc. 72 at 4). We further indicated that if after pursuing the administrative remedies the

3

defendant remains unsatisfied, the proper course of action is to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 - *in the district where the defendant is confined*.   Specifically we explained:

> A section 2214 petition must be brought in the district where the defendant is confined. Rumsfield v. Padilla, 542 U.S. 426, 442-43 (2004).  According to the docket sheet, defendant is incarcerated at the Federal Correctional Institute-Beckley in Beaver, West Virginia, which is located in Raleigh County, West Virginia.  Raleigh County is located within the Southern District of West Virginia.  See 28 U.S.C. § 129(b).  The United States District Court for the Middle District of Pennsylvania thus does not have jurisdiction over the instant dispute, however, that is where defendant filed the instant motion.

(Doc. 72 at 4 n.1).

Now, defendant has filed a letter that we construe as a motion for reconsideration, thus brining the case to its present posture.

**Legal Standard**

We have construed defendant's correspondence as a motion for reconsideration.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). For such a motion to be granted, the movant must demonstrate one of the

4

following three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Max's Seafood Café, 176 F.3d at 677.   A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

**Discussion**

Here, defendant has established none of the grounds for the granting of a motion for reconsideration.  He has not pled an intervening change in controlling law.  He has not indicated the availability of new evidence or the need to correct a clear error of law or to prevent a manifest injustice.  At best, defendant alleges changed circumstances- or a factual mistake on the court's part our May memorandum.  He now asserts that he has indeed exhausted his administrative remedies.  Specifically, he states: "I have already exhausted the FBOP and its administrative remedies process before I brought this matter to the courts." (Doc. 74 at 1).

The failure to exhaust administrative remedies issue, however, was only one factor in our dismissal of his motion to amend and correct.  As

noted above, the correct procedure for the defendant to follow is to file a petition for a write of habeas corpus in the United States District Court for the district in which he resides.  At the time of the filing of the original motion to amend or correct his judgment and commitment order, plaintiff resided at the Federal Correctional Institution-Beckley in West Virginia.  Thus, the United States District Court for the Middle District of Pennsylvania was not the appropriate court for defendant to file a section 2241 habeas corpus petition.

It appears that the defendant remains incarcerated in the West Virginia federal prison.  (Doc. 74 at 2).  Accordingly, even if defendant has exhausted his remedies with the BOP, this court is not the proper court in which to bring his claim.  We will deny the motion for reconsideration.

**Conclusion**

The defendant's correspondence filed August 14, 2014 is construed by the court as a motion for reconsideration of our Memorandum and Order of May 5, 2014, which dismissed the defendant's motion to amend or correct judgment and commitment order.  Reconsideration is inappropriate and the motion was properly dismissed because this in not

the proper court for the defendant to bring his claim.[1]  An appropriate order follows.

**Date: August 21, 2014**            **s/ James M. Munley**
                                                       **Judge James M. Munley**
                                                       **UNITED STATES DISTRICT COURT**

---

[1] It also appears that the defendant's motion should be dismissed because it is untimely.  Under the Local Rules of Court, a motion for reconsideration must be filed within fourteen (14) days after the entry of the order concerned.  Presently, the order defendant complains of was entered on May 5, 2014.  (Doc. 73)  He did not move the court to reconsider that order until more than three months later, on August 14, 2014.  (Doc. 74).  Thus, the fourteen day time limit for a motion for reconsideration had passed.